**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION


| | |
|---|---|
| **JOHN CARD** | Case No. 3:19-cv-1515 |
| Plaintiff | **COMPLAINT** |
| vs | Telephone Consumer Protection Act |
| **WELLS FARGO BANK N.A.** | |
| Defendant | Demand for Jury Trial |

# INTRODUCTION

## 1.

This is an action for damages brought by an individual consumer for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA), which prohibits the use of artificial or prerecorded voice messages or automated dialing equipment when making calls to consumers' cellular phones.

## 2.

The TCPA was designed to prevent unwanted robocalls like those described in this complaint and to protect the privacy of U.S. citizens like plaintiff. By enacting the TCPA, Congress intended to give consumers a choice as to how corporations may contact them and to prevent the nuisance associated with automated and prerecorded calls. It is a violation of the TCPA to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system (ATDS) or an artificial or a prerecorded voice—to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call—unless such call is made solely to collect a debt owed to or guaranteed by the United States. 47 U.S.C. § 227(b)(1)(A).

**COMPLAINT** – Page 2 of 8

**3.**

The TCPA permits consumers to revoke their prior express consent to be contacted by an ATDS or prerecorded voice messages. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017).

**4.**

Prior express consent, even if obtained through a contract between the parties, does not preclude a party from revoking consent. *Self-Forbes v. Advanced Call Ctr. Techs., LLC*, No. 17-15804, 2018 U.S. App. LEXIS 30577, 2018 WL 5414613, at *2 (9th Cir. Oct. 29, 2018).

**5.**

Calls placed by third-parties on behalf of a corporation are treated as if the corporation itself placed the call. *See In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6589 (F.C.C. 2013); In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 559, 565 (F.C.C. 2008); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 673 (2016).

**6.**

To "make" a call under the TCPA the corporation must either (1) directly make the call or (2) have an agency relationship with the person who made the call. *Gomez v. Campbell-Ewald, Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014).

**COMPLAINT** – Page 3 of 8

## JURISDICTION AND THE PARTIES

### 7.

This Court has jurisdiction under 28 U.S.C. § 1331 because the TCPA is a federal consumer protection law.

### 8.

John Card (plaintiff) is an individual and a citizen of Oregon.

### 9.

Wells Fargo Bank N.A. (Wells Fargo) is a national association bank and a citizen of South Dakota.

### 10.

Venue is proper under 28 U.S.C. § 1391(b) because Wells Fargo conducted regular and sustained business in this district and a substantial portion of the events or omissions giving rise to plaintiff's claim occurred within this district.

**COMPLAINT** – Page 4 of 8

## FACTUAL ALLEGATIONS

### 11.

Plaintiff has a telephone number ending in 7213 that is assigned to a cellular telephone service.

### 12.

Plaintiff opened and maintained a credit account with Wells Fargo for personal, family, household purposes. Plaintiff's account ultimately fell into arrears for an unpaid balance.

### 13.

Plaintiff sent letters to Wells Fargo, including letters dated December 20, 2017, July 16, 2018, and November 13, 2018, informing Wells Fargo that he was revoking any prior express consent that may have been given to Wells Fargo to call his cell phone number. These revocation letters unequivocally demanded that Wells Fargo stop any and all future calls to plaintiff's cell phone number and that failure to do so would be deemed a willful violation of the law. The revocation letters were received by Wells Fargo by certified mail on December 26, 2017, July 20, 2018, and November 20, 2018. Despite plaintiff's revocation letters and his demands to cease calling his cell phone number, beginning on or about February 22, 2018 and continuing through December 3, 2018, plaintiff received at least 197 unlawful calls to his cell phone number from Wells Fargo.

**COMPLAINT** – Page 5 of 8

**14.**

Whenever plaintiff answered the unlawful calls placed by Wells Fargo to his cell phone number, he would answer, and then there would be a pause before a corporate representative would speak. The unlawful calls made by Wells Fargo were all identified as being made from 800-272-1514, a phone number associated with Wells Fargo.

**15.**

The unlawful calls made by Wells Fargo to plaintiff's cell phone number were made using an artificial or a prerecorded voice or an ATDS. The unlawful calls made by Wells Fargo to plaintiff's cell phone number were made using an ATDS as defined by 47 U.S.C. § 227(a)(1) because Wells Fargo used equipment which has the capacity to store numbers to be called or to produce numbers to be called, using a random or sequential number generator, and to dial such numbers automatically.

## CAUSE OF ACTION

### 16.

As a result of Wells Fargo's violations of 47 U.S.C. § 227(b)(1)(A) as alleged in this complaint that violated plaintiff's privacy rights and interfered with his daily life activities and caused him substantial and ongoing emotional distress, plaintiff is entitled to judgment against Wells Fargo for statutory damages in the amount of at least $500 under 47 U.S.C. § 227(b)(3)(B) for each call in violation of 47 U.S.C. § 227(b)(1)(A) that is not found to have been made willfully or knowingly, and statutory damages in the amount of $1,500 under 47 U.S.C. § 227(b)(3) for each call in violation of 47 U.S.C. § 227(b)(1)(A) that is found to have been made willfully or knowingly, and injunctive relief under 47 U.S.C. § 227(b)(3)(A), preventing Wells Fargo from taking any action contrary to or in violation of any part of the TCPA, 47 U.S.C. § 227, and taxable costs.

## DEMAND FOR JURY TRIAL

### 17.

Plaintiff demands trial by jury.

**COMPLAINT** – Page 7 of 8

## PRAYER FOR RELIEF

### 18.

Plaintiff seeks relief against Wells Fargo as described in paragraph 17, and any other relief as the Court may deem just and proper.

September 19, 2019

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**COMPLAINT** – Page 8 of 8